*1269 KRAVITCH, Circuit Judge,
specially concurring:
I agree with the majority’s opinion vacating the summary judgment and remanding to the district court. I write this special concurrence to address Martin’s interference claim. Although I reach the same conclusion as the majority that summary judgment on Martin’s interference claim was improper, I do so for different reasons.
It is undisputed that Martin was unable to fulfill his improvement plan on account of his leave and that the main reason he was not rehired was because he was unable to complete the plan. The question, therefore, is whether an employer must give an employee additional time after returning from leave to improve his prior poor performance through an established improvement plan where the employee was on a form of probation before taking leave.
The FMLA regulations provide that “[i]f an employee is no longer qualified for the position because of the employee’s inability to attend a necessary course, renew a license, fly a minimum number of hours, etc., as a result of the leave, the employee shall be given a reasonable opportunity to fulfill those conditions upon return to work.” 29 C.F.R. § 825.215(b). This raises the question of whether the completion of a program to demonstrate improvement is the type of qualification program that an employee is entitled to complete after leave or whether it is a privilege that an employer may withdraw if incompatible with FMLA leave. Under the circumstances of this case, I believe that it is analogous to the qualification programs discussed in the regulations. See id. Martin’s superior, Degutis, approved Martin’s leave request, but then informed him that taking the leave would prevent him from completing the improvement plan and directly result in the non-renewal of his contract. Thus, the FMLA leave prevented Martin from completing a program required for contract renewal. The School District, therefore, interfered with Martin’s rights under FMLA to take approved leave by not re-hiring him on account of his inability to complete the improvement plan.[1]
The School District correctly points out that FMLA provides no greater protection against termination unrelated to FMLA leave than the employee would have had if he had not requested leave. 29 C.F.R. § 825.216(a); see Gunnell v. Utah Valley State College, 152 F.3d 1253, 1262 (10th Cir.1998). This rule applies, however, where the reason is unrelated to the FMLA leave. See e.g. O’Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1355 (11th Cir.2000) (involving termination of an employee on FMLA because of legitimate company down-sizing). Here, Martin’s termination was not unrelated to his leave because the reason he was unable to complete the required improvement plan was that he was on FMLA leave.
Because I feel that Martin established that the School District interfered with his rights under FMLA, I agree with the majority that the district court’s grant of summary judgment for the School District on the interference claim was improper.

. Additionally, the district court erred in finding that Martin's rights pursuant to FMLA were not violated because they were extinguished when his year-to-year employment contract ended. The School District’s counsel stipulated that "contract non-renewal” is the same thing as "termination” for the purposes of FMLA.